IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| OLAN TURNER, | : |
| Plaintiff, | : |
| v. | : Case No. 7:22-cv-00086-WLS-TQL |
| VIRGINIA WILLIAMS, *et al.*, | : |
| Defendants. | : |

## ORDER

*Pro se* Plaintiff Olan Turner filed a 42 U.S.C. § 1983 civil rights complaint. ECF No. 3. Plaintiff advised the Court that he was incarcerated at the Thomas County Jail in Thomasville, Georgia, when he filed this civil action. ECF No. 1. However, Plaintiff later indicated that he would be released from incarceration as of September 11, 2022. *See* ECF No. 3-1. Because it was unclear to the Court whether Plaintiff was still in custody as of September 21, 2022, the Court ordered Plaintiff to update the Court on his incarceration status. ECF No. 5. Plaintiff was given fourteen (14) days to respond and was informed that failure to comply would result in dismissal of this action. *Id.* Said Court Order was delivered to both the Thomas County jail and to an alternate address provided by the Plaintiff. *Id.* Plaintiff failed to respond.

Plaintiff also filed a motion for leave to proceed *in forma pauperis* without the statutory supporting documentation. ECF No. 4. On September 21, 2022, Plaintiff was ordered to either submit a certified copy of his inmate trust account statement for the

preceding six months in support of his motion to proceed *in forma pauperis* or pay the full filing fee. ECF No. 5. Plaintiff was given fourteen (14) days to respond and was informed that failure to comply would result in dismissal of this action. *Id.* Said Court Order was delivered to both the Thomas County jail and to an alternate address provided by the Plaintiff. *Id.* Plaintiff failed to respond.

On October 12, 2022, the Court notified Plaintiff that it had not received the filing fee or a certified account statement as ordered nor had Plaintiff notified the Court whether he was still incarcerated. ECF No. 6. The Court ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's previous order. *Id.* The Court unambiguously informed Plaintiff that this action would be dismissed if he failed to comply with this Court's orders. *Id.* Plaintiff was given fourteen (14) days to respond. *Id.* Plaintiff once again did not respond.

Because Plaintiff has failed to comply with the Court's orders or otherwise prosecute his case, this complaint is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 7th day of November, 2022.

W. Louis Sands

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT